961 F.2d 1579
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES Of America, Plaintiff-Appellee,
v.
Thomas Fred RAUSCHENBERG, Defendant-Appellant.
 No. 92-5052.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1992.
 
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and RONEY, Senior Circuit Judge.*
 
 ORDER
 
 1
 Thomas Fred Rauschenberg, a pro se federal prisoner, appeals the district court's denial of his motion to correct an illegal sentence filed pursuant to Fed.R.Crim.R. 35(a). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a plea agreement, Rauschenberg pleaded guilty to count 1 of a superseding indictment charging him with conspiracy to distribute and possession with intent to distribute 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. § 846. He also pleaded guilty to count 2 which charged that on April 5, 1987, defendant aided and abetted the distribution of 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. § 841(a), (b)(1)(B). He was sentenced to a nonparolable fifteen year term on each count to run concurrently, followed by an eight year term of supervised release on count 2 (the eight year term was imposed because Rauschenberg had a prior felony conviction for drug trafficking). The court later denied his motion to vacate his sentence, and this court affirmed the judgment.
 
 
 3
 Thereafter, Rauschenberg filed his first Rule 35(a) motion to correct an illegal sentence alleging that: 1) the district court breached the plea agreement when the sentence imposed exceeded the sentence agreed upon; 2) his sentence should be parolable because he should have been sentenced under the former version of § 841(a); and 3) the district court did not have the statutory authority to impose either a term of special parole or supervised release. This court affirmed the district court's judgment regarding the fifteen year nonparolable sentence; it vacated the judgment regarding the special parole term of 8 years and remanded to the district court to impose the original 8 year term of supervised release. After the district court amended its order to comply with this court's ruling, Rauschenberg filed his current Rule 35(a) motion to correct an illegal sentence.
 
 
 4
 Rauschenberg argues that the imposition of his sentence without parole is erroneous because his crimes were committed in March and April 1987, and 18 U.S.C. § 4205 was in effect at the time and provided for parole eligibility. The district court found that Rauschenberg's sentence, pursuant to 21 U.S.C. § 841(b)(1)(B), which is part of the penalty provisions of the Anti-Drug Abuse Act of 1986 (ADAA), was proper notwithstanding 18 U.S.C. § 4205(a). The court further noted that Rauschenberg raised this identical ground for relief in a prior Rule 35(a) motion which was denied by the district court and affirmed on appeal by this court.
 
 
 5
 On appeal, Rauschenberg continues to argue the merits of his claim. For the first time on appeal, he also argues that the penalty provisions of 21 U.S.C. § 841(b) of the ADAA are vague and unconstitutional. He requests leave to proceed as a pauper. Both parties have filed briefs.
 
 
 6
 Upon review, we affirm the district court's judgment. The penalty provisions of the ADAA, which included the amended § 841(b), became effective on October 27, 1986. United States v. Blackmon, 914 F.2d 786, 788-89 (6th Cir.1990). Thus, the provisions of § 841(b), are applicable to Rauschenberg's conviction.
 
 
 7
 Regarding Rauschenberg's claim that § 841(b) is vague and unconstitutional, this court will not address this claim as it was not first presented to the district court. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 8
 Accordingly, we grant his request to proceed as a pauper and affirm the judgment of the district court. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul H. Roney, Senior Circuit Judge, U.S. Court of Appeals for the Eleventh Circuit, sitting by designation